UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Foster, ) | C/A No. 9:15-217-TMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Cecilia Reynolds, Warden; Bryant Stirling, ) | |
| Director of SCDC; Alan Wilson, Attorney General ) | |
| Off.; The State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Robert Lee Foster, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

Plaintiff alleges in his Complaint that he was "sentence beyond statutory." ECF No. 1 at 2. His claims arise out of his arrest on October 3, 2007, the prosecution of his criminal case, his trial, the jury, and his sentencing, which he claims was "improper" and which has resulted in him not earning work or good time credits. Id. at 3-5. Records from the Spartanburg County Circuit Court and the SCDC indicate that Plaintiff was convicted (on May 20, 2008) on an October 3, 2007 charge of manufacture/distribute cocaine base, 3rd offense and sentenced to twenty years imprisonment. See Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.

sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?CourtAgency=42001&Casenum=2008G S4202261&CaseType=C (last visited Mar. 25, 2015); http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Robert Foster"](last visited Mar. 25, 2015).[1]

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th

---

[1] This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

2

Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## DISCUSSION

Initially, it must be noted that Plaintiff fails to specify the relief he requests. It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). As such, were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions]. In addressing a plaintiff's failure to request specific relief in an analogous situation, the Tenth Circuit Court of Appeals stated: "This court would violate Article III's prohibition against advisory opinions were it to do that which [Plaintiff] requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief." Public Ser. Co. v. EPA, 225 F.3d 1144, 1148 n.4 (10th Cir. 2000); cf. James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C. Cir. 1996) [holding that, if the court were prohibited from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"]. Hence, in the absence of a request for any specific relief from the Plaintiff, the Complaint filed in this case is frivolous and subject to summary dismissal.

Further, even if the Court were to assume that Plaintiff is requesting monetary damages based on an allegedly improper arrest, prosecution of his criminal charge, and/or his



3

imprisonment, his claims are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), where the Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. While Heck does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending; see Wallace v. Kato, 549 U.S. 384 (2007); as noted above, Plaintiff has been convicted on the charges stemming from his October 3, 2007 arrest. Therefore, as Plaintiff has not shown that his conviction has been invalidated, any claims he is presenting here for false arrest, malicious prosecution, or false imprisonment are barred by Heck and should be dismissed. See Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable determination applies to claims of false arrest, false imprisonment, and malicious prosecution].

Moreover, to the extent that the Complaint may be construed as Plaintiff asking this Court to direct that he be released from prison earlier than the SCDC will currently allow, this case is also subject to summary dismissal. A request to recalculate his sentence and/or release Plaintiff earlier cannot be granted by this court in a civil case filed under § 1983. Instead, Plaintiff must file a petition for writ of habeas corpus under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, but only *after* exhausting all of his state court remedies.[2] Although § 1983 does provide access to a federal forum

---

[2]Plaintiff has in fact filed a petition (as to his October 3, 2007 conviction) pursuant to 28 U.S.C. § 2254, which is currently pending in this Court. See Foster v. Reynolds, No. 9:14-3853-TMC-BM (D.S.C.). A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

4

for claims of unconstitutional treatment at the hands of state officials, the United States Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. at 481 ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.") (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).

Finally, Plaintiff's complaint suffers from other additional infirmities. To the extent that Plaintiff is requesting monetary damages, Defendant State of South Carolina and Defendants Reynolds, Stirling, and Wilson in their official capacities are all subject to summary dismissal as party Defendants as they are entitled to Eleventh Amendment immunity from monetary damages. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to



5

invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Further, although Reynolds, Stirling, and Wilson may be subject to suit in their individual capacities (assuming Plaintiff had otherwise set forth a valid claim or claims), his pleadings fail to provide any specific factual information to support a claim that these named Defendants engaged in any conduct that violated his constitutional rights. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 [requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)]. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim



6

of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); see also White v. White, 886 F.2d 721, 723 (4th Cir. 1989) [district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion"].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 30, 2015
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).